UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANE MARIE MCDOUGALL[1] *Plaintiff*, | ) ) ) | 3:22-CV-206 (KAD) |
| v. | ) ) ) | |
| FAUSTO CARUSONE, JESSICA BRAUS, DANIEL GLASS, AND JOHN AND JANE DOES (1-100) *Defendants*. | ) ) ) ) ) | FEBRUARY 9, 2022 |

**ORDER**
**RE: MOTION FOR EMERGENCY INJUNCTION**

Kari A. Dooley, United States District Judge:

On February 4, 2022, the self-represented Plaintiff, Diane Marie McDougall (the "Plaintiff"), filed a Complaint against Fausto Carusone, a state marshal, and Attorneys Jessica Braus and Daniel Glass "in direct response" to a Notice to Quit she received, which is attached to the Complaint. While not accompanied by a motion or memorandum of law, on the face of the Complaint the Plaintiff indicates that she seeks an "Emergency Injunction." In her prayer for relief, Plaintiff seeks an injunction against the bringing of any "foreign summary process proceedings." For the reasons that follow, the request for an emergency injunction is DENIED.

A party seeking a temporary restraining order or preliminary injunction must show (1) irreparable harm in the absence of the relief sought and (2) either a likelihood of success on the merits or a sufficiently serious question going to the merits to make them a fair ground for litigation with a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

---

[1] Plaintiff's caption identifies Plaintiff as Diana McDougall. However, in the body of the Complaint and below her signature, she is identified as Diane McDougall.

1

"To determine whether a plaintiff has shown irreparable harm, 'the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law . . . are inadequate to compensate for that injury.'" *Hyde v. KLS Prof'l Advisors Grp., LLC*, 500 Fed. App'x. 24, 25 (2d Cir. 2012) (summary order) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)). "[I]rreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *accord Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Smalls v. Wright*, No. 3:16-cv-02089 (JCH), 2017 WL 2200909, at *1 (D. Conn. May 19, 2017) (citation and internal quotation marks omitted). Here, the Court has only the Verified Complaint.

Plaintiff has made no showing that she is entitled to the relief she seeks. Although her claims are largely inscrutable, she alleges constitutional violations by the Defendants and seeks a "Political Status Hearing," an injunction against "foreign summary process proceedings" and damages. It appears from the Complaint and its attachments that the premises at which Plaintiff resides was the subject of a now concluded foreclosure action in the Superior Court for the state of Connecticut. The Court takes judicial notice of the matter captioned *Wells Fargo Bank N.A. as Trustee for WAMU Mortgage v. McDougall, Diane, et al.*, FST-CV-13-6018338-S. It further appears that the post-foreclosure owner of the property served a Notice to Quit upon the Plaintiff, which directed that she vacate the premises by February 7, 2022. The Plaintiff appears to challenge the authority of any state

court over her person, to include the foreclosure court and any imminent summary process action as these are courts of a "foreign jurisdiction."

As to the merits of her claim, Plaintiff invokes the U.S. Constitution as the basis for her claims. However, claims brought alleging violations of an individual's constitutional rights, whether under 42 U.S.C. § 1983 or the Constitution itself, may only be brought against state actors. *See Flagg v. Yonkers Sav. & Loan Ass'n,* 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (internal quotation marks omitted). *See also* 42 U.S.C. § 1983 (imposing civil liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects…any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws…"). Indeed, to succeed on a § 1983 claim, a plaintiff must prove that a constitutional right was violated and that the violation was caused by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Plaintiff describes the purported factual and legal basis upon which she challenges the exercise of any authority over her person, there is no question that the Defendants are not state actors for purposes of these constitutional claims, nor are they alleged to be. Two Defendants are private attorneys whose firm represents the post-foreclosure owner of the property and one is the marshal hired to serve the Notice to Quit.[2] *See Young v. Suffolk County,* 705 F. Supp. 2d 183, 199 (S.D.N.Y. 2010) ("Private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law.") *See also Gorawara v. Caprio,* No. 3:19cv756 (MPS), 2021 WL 4441738, at *11 (D. Conn. Sep. 28, 2021) (questioning the extent to which state

---

[2] A state marshal "shall have authority to provide legal execution and service of process in the counties in this state…as *an independent contractor* compensated on a fee for service basis…" Conn. Gen. Stat. § 6-38a (2012) (emphasis added).

marshals can be considered state actors). Accordingly, the Court cannot conclude that the Plaintiff's claims are likely to succeed on their merits.

Further, to the extent the Complaint seeks an injunction of pending state court proceedings, such relief may be precluded under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), which would also implicate this Court's subject matter jurisdiction. *See Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015) (holding that under the *Younger* abstention doctrine, "district courts should abstain from exercising jurisdiction only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.").

Finally, there are no allegations in the Complaint which might, even arguably, support a finding of irreparable harm in the absence of the injunction sought. *See N.Y.C. Envtl. Justice All. v. Giuliani*, 214 F.3d 65, 68 (2d Cir. 2000) ("If [the plaintiffs] do not present sufficient facts or statistics to back their assertions, the 'paucity of the evidence in the record' will prevent us from holding that they have shown a likelihood of success.") (quoting *Beal v. Stern*, 184 F.3d 117, 129 (2d Cir. 1999)); *e.g.*, *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 728 (S.D.N.Y. 2019) (denying request for injunction to prevent foreclosure sale where, *inter alia*, plaintiff failed to establish he would be subject to irreparable harm if preliminary relief were not granted and merely stated, in a conclusory fashion, that he was likely to succeed on the merits).

For the foregoing reasons, the request for an emergency injunction, ECF No. 1, is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of February 2022.

                                           */s/ Kari A. Dooley*
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE